IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FLOYD PICKETT, #116878, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:12-CV-494-WKW |
| ) | [WO] |
| ) | |
| BOBBY BARRETT, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Floyd Pickett ("Pickett"), an indigent state inmate. In the instant complaint, Pickett challenges actions taken against him during his confinement at the Kilby Correctional Facility.

Pursuant to the orders of this court, the defendants filed a written report, supported by relevant evidentiary materials, in which they address the claims for relief set forth in the complaint. The undisputed report and evidentiary materials refute the conclusory allegations presented by Pickett. Specifically, these materials, including statements by other inmates, demonstrate that Pickett refused orders by a correctional officer and thereafter attempted to strike the correctional officer, which resulted in the use of force made the basis of this complaint. Thus, the record before the court indicates that the only force used against Pickett was that necessary to obtain control of him.

In light of the foregoing, the court issued an order directing Pickett to file a response to the defendants' written report. *Order of July 25, 2012 - Doc. No. 13*. The order advised Pickett that his failure to respond to the report would be treated by the court "**as an abandonment of the claims set**

**forth in the complaint and as a failure to prosecute this action**." *Id*. at 1 (emphasis in original). Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action. *Id*. The time allotted Pickett for filing a response in compliance with the directives of this order has expired absent any response from Pickett. The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. After such review, it is clear that dismissal of this case is the proper course of action at this time. Pickett is indigent. Thus, the imposition of monetary or other punitive sanctions against him would be ineffective. Additionally, Pickett's inaction in the face of the defendants' report and evidence suggests a loss of interest in the continued prosecution of this case. Finally, the undisputed evidentiary materials submitted by the defendants – including but not limited to affidavits from correctional officials, statements from other inmates and relevant medical records – indicate that no violation of the Constitution occurred. It therefore appears that any additional effort by this court to secure Pickett's compliance would be unavailing. Consequently, the court concludes that the plaintiff's abandonment of his claims and his failure to comply with an order of this court warrant dismissal. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal,* 232 Fed. Appx. 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amendment to complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice. It is further

ORDERED that on or before July 1, 2014, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 17th day of June, 2014.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE